```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND
```

|  |  |
|---|---|
| RYAN ANGELO BROCHU, <br><br> Plaintiff, <br> v. <br><br> CHRISTINE CHAMBERLAND, in her Capacity [as] Finance Director for the City of Woonsocket; WOONSOCKET POLICE DEPARTMENT; THOMAS F. OATES, III, Police Chief for the Woonsocket Police Department; RONALD MARCOS, Individually and in his Official Capacity; SIRCHIE ACQUISITION COMPANY, LLC, <br><br> Defendants. | C.A. No. 16-643 WES |

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff Ryan Angelo Brochu ("Plaintiff") filed an Amended Complaint (ECF No. 7-1) alleging false imprisonment against Defendants Christine Chamberland, in her capacity as Finance Director for the City of Woonsocket; the Woonsocket Police Department; Thomas F. Oates, III, Police Chief for the Woonsocket Police Department; and Ronald Marcos, individually and in his official capacity (collectively, "City Defendants").[1] Pending

---

[1] Plaintiff alleged a separate negligence claim against Defendant Sirchie Acquisition Company, LLC, which is not a party to this motion.

before the Court is the City Defendants' unopposed Motion for Summary Judgment ("Motion") (ECF No. 15). For the reasons set forth below, the Motion is GRANTED.

As an initial matter, the City Defendants filed a Statement of Undisputed Facts ("Undisputed Facts") (ECF No. 16). Because Plaintiff failed to object or otherwise respond to the Undisputed Facts, these facts are deemed admitted.[2] See DRI LR 56(a)(3) ("For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion."); see also Schiffman v. United States, 811 F.3d 519, 525 (1st Cir. 2016) ("This failure [to contest or deny undisputed facts] has consequences. . . . The [nonmovant's] failure meant that all of the facts set forth in the [movant's] statement of undisputed facts were deemed admitted.").

On August 9, 2013, a search of Plaintiff's residence by Woonsocket Police Officers turned up narcotics, drug paraphernalia, a handgun, and a large amount of money. Plaintiff was arrested and subsequently charged with, inter alia, possession of a controlled substance with the intent to deliver. While released on bail, Woonsocket Police Officers, by way of undercover

---

[2] For that reason, for purposes of this Memorandum and Order, the Court incorporates the facts as outlined by the City Defendants.

informants, executed and surveilled several "control buys" of crack cocaine at Plaintiff's home. Based on this surveillance, officers obtained and executed a search warrant for Plaintiff's home on October 29, 2013. Officers uncovered seventeen blue capsules in the pocket of a pair of shorts in Plaintiff's room. Defendant Marcos conducted a field test of the capsules, which tested positive for methamphetamines. On November 13, 2014, the Rhode Island Department of Health Forensic Science Laboratory analyzed one of the collected capsules, which failed to reveal the presence of a controlled substance.

To prevail on a false-imprisonment claim, Plaintiff must show, inter alia, that he was confined and that the confinement was not legally justified. See Dyson v. City of Pawtucket, 670 A.2d 233, 239 (R.I. 1996), cert. denied, 517 U.S. 1192 (1996). Thus, the City Defendants can defeat Plaintiff's false-imprisonment claim upon a showing that probable cause supported his confinement at the time of his arrest. See Beaudoin v. Levesque, 697 A.2d 1065, 1067 (R.I. 1997); Dyson, 670 A.2d at 239. Probable cause to arrest exists "when the facts and circumstances within the officer's knowledge at the time of arrest . . . would warrant a reasonably prudent person's belief that a crime has been committed and that the suspect committed the crime." Ferreira v. City of East Providence, 568 F. Supp. 2d 197, 206 (D.R.I. 2008) (quoting Winn v. Collins, 723 A.2d 798, 799 (R.I. 1998)). The

First Circuit has held that probable cause to arrest existed when a field test conducted on a suspect's bag tested positive for cocaine. United States v. Uricoechea-Casallas, 946 F.2d 162, 166 (1st Cir. 1991).

Here, the information gathered during the execution of a search warrant, including that the officers had reason to believe controlled substances might be present in the residence because of the controlled purchases, and that they found seventeen blue capsules, one of which tested positive for methamphetamine on a field test, sufficed to give officers probable cause to arrest Plaintiff. See id. Thus, because probable cause is determined at the time of arrest, Beaudoin, 697 A.2d at 1067, it is of no moment that the capsule ultimately tested negative for a controlled substance. See United States v. Castillo, 287 F.3d 21, 27 (1st Cir. 2002) (concluding magistrate had "ample basis" for finding of probable cause despite disclosure that substance tested negative for presence of heroin and cocaine).

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, because Plaintiff deemed admitted each of the Undisputed Facts, that there is no genuine dispute of material fact was preordained. Further, the law is sufficiently clear that officers had probable cause to arrest Plaintiff, which nullifies an element of Plaintiff's false

imprisonment claim.  Thus, summary judgment for the City Defendants is appropriate on Plaintiff's false-imprisonment claim, and the Court, therefore, need not address the City Defendants' qualified-immunity argument.

For the aforementioned reasons, the City Defendants' Motion for Summary Judgment (ECF No. 15) is GRANTED.  Judgment will enter at the conclusion of this case, once Plaintiff's claim against Defendant Sirchie Acquisition Company, LLC has been resolved.
IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date:  December 11, 2017