```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
RYAN ANGELO BROCHU,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. 16-643 WES
                                    )
CHRISTINE CHAMBERLAND, in her       )
Capacity [as] Finance Director for  )
The City of Woonsocket; WOONSOCKET  )
POLICE DEPARTMENT; THOMAS F.        )
OATES, III, Police Chief for the    )
Woonsocket Police Department,       )
RONALD MARCOS, Individually and     )
in his Official Capacity;           )
SIRCHIE ACQUISITION COMPANY, LLC,   )
                                    )
          Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff Ryan Angelo Brochu ("Brochu" or "Plaintiff") filed an Amended Complaint (ECF No. 7-1) alleging negligence against Defendant Sirchie Acquisition Company ("Sirchie" or "Defendant"). Before the Court is Sirchie's unopposed Motion for Summary Judgment ("Motion") (ECF No. 19). For the reasons below, the Motion is GRANTED.

First, Sirchie filed a Statement of Undisputed Facts ("SUF") (ECF No. 20) on September 21, 2017. See DRI LR 56 (a)(1). On a summary-judgment motion, "any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless

expressly denied or otherwise controverted by a party objecting to the motion." DRI LR 56 (a)(3); see, e.g., Estate of Frusher v. Abt Assocs., 643 F. Supp. 2d 220, 224 (D.R.I. 2009) (admitting movant's unchallenged statement of undisputed facts). Therefore, without an objection or response by Plaintiff, the facts alleged in Sirchie's Statement of Undisputed Facts are admitted.[1]

On October 29, 2013, Woonsocket police officers executed a search warrant on Plaintiff's property. (SUF ¶ 1.) While executing the warrant, officers found seventeen blue capsules containing white powder in the pocket of a pair of shorts in Plaintiff's room. (Id. at ¶ 2.) Using a NARK II test kit 15, Detective Ronald Marcos tested the powder, which tested positive for methamphetamine. (Id. at ¶ 3.) On November 13, 2014, the police submitted the capsules to the Rhode Island Forensic Science Laboratory ("Laboratory") for additional testing, and the powder from one capsule tested negative for a controlled substance. (Id. at ¶¶ 8-9.) No employee or agent of Sirchie was involved in executing the search warrant or testing the powder, nor did they analyze the results from the police-administered drug test. (Id. at ¶¶ 6-7.)

To prevail on a negligence claim under Rhode Island law, a plaintiff must demonstrate "a legally cognizable duty owed by a

---

[1] Therefore, for purposes of this Memorandum and Order, the Court incorporates the facts as Sirchie states them.

2

defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Olshansky v. Rehrig Int'l, 872 A.2d 282, 289 (R.I. 2005) (quoting Mills v. State Sales, Inc., 824 A.2d 461, 467-68 (R.I. 2003) (quotation omitted)). Without establishing a duty owed by Defendant, Plaintiff's negligence claim fails as a matter of law. Selwyn v. Ward, 879 A.2d 882, 886 (R.I. 2005) (entitling plaintiff to determination of remaining elements only after duty is established). And here, Plaintiff alleges no specific duty of care owed by Sirchie, whether a breach occurred, and if so, how it occurred. (See Am. Compl., ECF No. 7-1.)

More importantly, however, for purposes of this Motion, Plaintiff supplies no evidence to support any element of negligence. Yet "[o]n summary judgment . . . the plaintiff can no longer rest on the pleadings . . . and the court looks to the evidence before it (in the light most favorable to the plaintiff) . . . ." Behrens v. Pelletier, 516 U.S. 299, 309 (1996). Having advanced no evidence to back up his pleadings, Plaintiff can only rely on "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation[,]" each of which cannot suffice to defeat summary judgment.[2] Ferro v. R.I. DOT, 2

---

[2] It is worth noting that the only allegations in the Amended Complaint that signal potentially negligent conduct reference the conduct of police officers. (See Am. Compl. ¶¶ 21-29.) Without any allegations or evidence to suggest the officers in question

3

F. Supp. 3d 150, 156 (D.R.I. 2014) (quoting Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010)). For that reason, no inference this Court could draw could rescue Brochu from the inevitable result of summary judgment entering for Sirchie.

Finally, because the basis for Plaintiff's negligence claim is that "the testing conducted by Detective produced one result and further analysis produced a different result," expert testimony would have been necessary to advance Brochu's claim. (SUF ¶ 10); see also Olshansky, 872 A.2d at 289 (holding expert testimony required to establish facts not obvious to and beyond common knowledge of jury). Here, Plaintiff disclosed neither an expert witness nor expert opinion, and the deadline to do so was November 30, 2017. (See Pretrial Scheduling Order, ECF No. 14.)

For the above reasons, Sirchie's Motion (ECF No. 19) is GRANTED.

IT IS SO ORDERED.

*[signature: WESmith]*

William E. Smith
Chief Judge
Date: June 19, 2018

---

were employees or agents of Sirchie, Plaintiff has not satisfied his burden of demonstrating that Sirchie maintained authority over the officers as its employees or agents. See Sabourin v. LBC, Inc., 731 F. Supp. 1145, 1149 (D.R.I. 1990).

4